JUDGE SWEET

Vikrant Pawar, Esq.
30 Vesey Street, Suite 900
New York, New York 10007
*Attorney for Plaintiffs*

**12 CIV 2321**

DOC # 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JEREINNY PLACENCIA,
STEPHANIE SEGURA,

       Plaintiffs,      **COMPLAINT**

   -against-         Jury Demand

CITY OF NEW YORK, P.O. BRYAN ORTIZ,
P.O. ANGEL ANDUJAR, JOHN AND JANE
DOES, 1-10, ET AL.,

       Defendants.
------------------------------------------------------------x

  Plaintiffs JEREINNY PLACENCIA and STEPHANIE SEGURA (hereinafter "Plaintiffs" unless noted otherwise) by and through their attorney, Vikrant Pawar, Esq., respectfully alleges as follows:

<u>**PRELIMINARY STATEMENT**</u>

  Plaintiffs bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of their civil rights, as secured by statutes and the Constitution of the State of New York and the United States.

## JURISDICTION

2. The action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the First, Fourth, Eighth and Fourteenth Amendments to the United States and New York Constitutions and under New York state laws.

3. Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5. Plaintiffs respectfully demand a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## CONDITIONS PRECEDENT

6. Plaintiffs have duly complied with conditions precedent to this lawsuit by duly and properly filing a notice of claim within ninety (90) days of the occurrences of the events giving rise to this lawsuit.

## PARTIES

7. Plaintiffs are a citizen of the United States, and at all relevant time resident in the County of Bronx, State of New York.

8. Defendant City of New York (hereinafter "City") was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of

New York.

9. Defendant New York City Police Department (hereinafter "NYPD") is an agency that is controlled and operated by the City and is duly organized and formed by defendant City under and by virtue of the laws of the State of New York.

10. Defendants Bryan Ortiz (hereinafter "Ortiz") and Angel Andujar (hereinafter "Andujar") are employees of the NYPD and are sued both in their individual and official capacities.

11. The named and yet to be named individual defendants are employees of defendant City and other government entities and are sued in their individual, supervisory and official capacities and are alleged to have acted under the color of state law.

## FACTS

12. On December 10, 2010, plaintiff Placencia, a female aged 27 years old and her girlfriend, Segura, a female aged 25 years old were lawfully in the vicinity of Gerard Avenue and East 168th street in the County of Bronx, State of New York. Plaintiffs were romantically involved at that time.

13. Plaintiff Placencia was on her way home when she saw her girlfriend, plaintiff Segura being stopped and frisked by defendant Ortiz, a male. Plaintiff Placencia saw that defendant Ortiz, a male, pretending to stop and frisk plaintiff Segura was instead groping and fondling her girlfriend plaintiff Segura and that plaintiff Segura was stationary unable to move. There were other officers on the scene but none of them intervened.

14. Plaintiff Placencia upon seeing this was distraught and asked defendant Ortiz to have a female officer search plaintiff Segura.

15. However, defendant Ortiz ignored this request and told plaintiff Placencia to "walk up the block."

16. As plaintiff Placencia was walking away from the scene, defendant Andujar, a male officer, grabbed plaintiff Placencia by her hair and threw her to the ground and jumped on top of her and punched her in the eye with a close fist and stated "I'll show you who the man is."

17. Defendants knew that plaintiffs Placencia and Segura were gay yet they sexually groped and assaulted plaintiff Segura in the presence of her girlfriend plaintiff Placencia.

18. Defendants then arrested plaintiff Placencia and falsely charged her with violating:

　　1. Penal Law 120.00(1) assault in the third degree against a police officer;
　　2. Penal Law 205.30 resisting arrest;
　　3. Penal Law 195.05 obstructing governmental administration in the second degree;
　　4. Penal Law 240.26(1) harassment in the second degree.

19. Defendants also arrested plaintiff Segura and falsely charged her with violating:

　　1. Penal Law 205.30 resisting arrest;
　　2. Penal Law 195.05 obstructing governmental administration in the second degree;
　　3. Penal Law 240.26(3) harassment in the second degree.

20. When plaintiffs were brought to the precinct, defendants stated that "these bitches think they are men. We showed them who the men are."

21. Defendants John Doe officers failed to intervene and instead signed off on the false charges against both plaintiffs.

22. Plaintiff Placencia was denied medical treatment and was held in central booking for nearly twenty-four hours. The defendants refused her requests for medical treatment and she suffered until she was finally released from jail.

23. Plaintiff Segura was detained for nearly 12 hours before the charges against her were dropped.

24. Plaintiff Placencia had to retain the services of a private attorney and decided to fight to false charges against her.

25. On or about August 22, 2011, after months of malicious prosecution, a neutral judge found plaintiff Placencia not guilty on all the charges against her.

26. Prior to the aforementioned date, the District Attorney's office on or about December 11, 2011, declined to prosecute plaintiff Segura for the charges against her and dismissed the charges because the "arresting officer lacked probable cause to stop the defendant and place her into custody."

## AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest)

27. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "26" with the same force and effect as if fully set forth herein.

28. There was no probable cause for the arrest or the continued incarceration

and as such it resulted in violation of Plaintiffs' constitutional rights under the Fourth and Fourteenth Amendments.

29. As a result of the aforementioned conduct of defendants, Plaintiffs' constitutional right to be free from unreasonable search and seizure violated and they sustained physical injuries.

## AS AND FOR A SECOND CAUSE OF ACTION
(Deprivation of Rights under the Fourteenth Amendment-Due Process)

30. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "29" with the same force and effect as if fully set forth herein.

31. The defendants' conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment. The actions by defendants deprived the substantive and procedural due process afforded to Plaintiffs and in violation of Plaintiffs' constitutional rights under the Fourth and Fourteenth Amendments.

32. As a result of the foregoing, Plaintiffs were deprived of their liberty and right to procedural and substantive due process, causing economic and severe and permanent emotional and physical injuries.

## AS AND FOR A THIRD CAUSE OF ACTION
(Malicious Prosecution)

33. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34. Defendants by filing false charges against Plaintiffs knew that Plaintiffs would have to endure numerous court appearances, hire an attorney and yet defendants failed to show up to prosecute the complaint that they swore to and which complaint was found to be lacking probable cause by the District Attorney's Office.

35. Due to defendants' actions, Plaintiff Placencia was deprived of life and liberty interest for nearly nine months.

36. Defendants actions constituted malicious prosecution because they filed false charges against Plaintiffs and yet failed to drop or pursue the charges because they knew the charges were trumped up and the arrest was made solely in retaliation because plaintiffs exercised their right under the First Amendment and because of their sexual orientation. As a result of the foregoing, Plaintiffs' liberty were restricted for an extended period of time, they were put in fear of their safety, and were humiliated and Plaintiffs were subjected to violation of their state and federal rights.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Excessive force)

37. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38. Defendant Andujar punched plaintiff Placencia with a closed fist causing injuries to her eyes and also used force that was unreasonable and excessive and caused unnecessary injuries to Plaintiff's body. Defendants also punched plaintiff Segura resulting in injuries to her face and body.

39. As a result of defendants' conduct, Plaintiffs suffered injuries.

## AS AND FOR A FIFTH CAUSE OF ACTION
(*Monell*/Municipal Liability)

40. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

42. The aforementioned customs, policies, usages, practices, procedures and rules of the City and Police Department included, but were not limited to, assaulting and battering individuals suspected of crimes without due process based on their sexual orientation and for voicing their concerns about police brutality. In addition, the City and Police Department engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees, which was the moving force behind the violation of Plaintiffs rights as described herein.

43. As a result of the failure of the City and Police Department to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendants have tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

44. The foregoing customs, policies, usages, practices, procedures and rules of

the defendants constituted deliberate indifference to the safety, well-being and constitutional rights of Plaintiffs and were the direct and proximate cause and the moving force of the constitutional violations suffered by Plaintiffs as alleged herein.

45. Defendants, collectively and individually were directly and actively involved in violating Plaintiffs' constitutional rights.

## AS AND FOR AN SIXTH CAUSE OF ACTION
(Violation of First Amendment Rights)

46. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47. Defendant Ortiz unlawfully and inappropriately touched Plaintiff Segura's private parts simply to grope her and without any legitimate law enforcement purpose and knowing full well that she was gay.

48. Defendants have a policy, practice and custom of frisking and patting down and inappropriately touching female arrestees by male police officers.

49. As a result of these actions, Plaintiffs' right to be secure was wrongfully intruded upon and violated her right to privacy secured under the First Amendment and caused her emotional and physical harm.

**WHEREFORE**, Plaintiffs demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount Five Hundred Thousand Dollars for each and every cause of action for Plaintiffs against defendants (individually or collectively) or as determined by a jury:

(B) punitive damages in an amount to be determined by a jury:

(C ) reasonable attorney's fees and the costs, expenses and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
       March 27, 2012

                                              Vikrant Pawar, Esq.
                                              30 Vesey Street, Suite 900
                                              New York, New York 10007
                                              (212) 571-0805
                                              By: _____
                                              Vikrant Pawar (VP9101)
                                              *Attorney for Plaintiffs*